IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Saul Williams, #235861, | ) | Civil Action No. 3:07-923-HMH-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Warden, Lee Correctional Institution, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, Saul Williams ("Williams"), is an inmate at the South Carolina Department of Corrections serving a sentence of ninety-nine years for six counts of armed robbery, five counts of possession of a firearm during the commission of a violent crime, possession of a sawed-off shotgun, and assault and battery with intent to kill. He filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is in custody in violation of the Constitution of the United States. The case was automatically referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 (B)(2)(c), DSC. Respondents filed a motion for summary judgment, supported by copies of portions of the state court record, on October 3, 2007. Because petitioner is proceeding pro se, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued on October 11, 2007, advising petitioner of his responsibility to properly respond to the motion for summary judgment. Williams failed to file a response to respondent's motion for summary judgment, and the undersigned issued an order on December 5, 2007, allowing him to notify the court if he wished to continue to prosecute his action. Williams filed a response on December 20, 2007.

**Procedural History**

Williams, while armed with a shotgun, committed a series of armed robberies in Beaufort county in late 2005 and early 2006. The crime spree was publicized and the perpetrator came to be called the "Shotgun Bandit." Law enforcement officers received an anonymous call that Williams was going to rob a liquor store on the northern end of Hilton Head Island around 6:00 p.m. on January 12, 2005. The particular store was not named but the robbery occurred at the time stated by the anonymous caller. Officers then went to Williams' residence and arrested him, recovering evidence of the crimes.

Williams was represented by Dudley Ruffalo and Sam Bauer. A competency evaluation was completed at the South Carolina Department of Mental Health. The State called the charges stemming from the January 12 liquor store robbery for trial on November 12, 1996. After some pretrial wrangling, a jury was selected and a competency hearing was conducted outside the presence of the jury. The Court found Williams competent to stand trial. After a break, the Solicitor announced that a plea agreement had been reached. Williams then entered pleas of guilty to all the charges and was sentenced. He did not file a direct appeal.

Williams filed an application for post-conviction relief ("PCR") on March 3, 1997. (App. 184). An evidentiary hearing was held on September 27, 1999. (App. 195). Williams was represented by Sam Svalina. The hearing centered primarily on Williams' asserted incompetence based on the fact that he is mentally retarded. Williams was present but did not testify. At the end of the hearing, the PCR court ruled from the bench that the application was denied. (App. 347-49). On October 7, 1999, counsel for Williams filed a motion for reconsideration. (Res. Mem., Ex. 2). The PCR court issued a written order of dismissal on November 22, 1999. (App. 372).

A petition for writ of certiorari was filed in the South Carolina Supreme Court through the South Carolina Office of Appellate Defense raising the following question:

> Was trial counsel ineffective in failing to secure a psychiatrist and a second opinion from a clinical psychologist in order to explore fully the issue of petitioner's mental competency?

(Res. Mem., Ex. 4). The petition for writ of certiorari was denied by order of the South Carolina Supreme Court dated February 21, 2002. (Res. Mem., Ex. 6). The Remittitur was returned on March 11, 2002. (Res. Mem., Ex. 7).

Williams did not file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after his petition for writ of certiorari was denied. Instead, on December 9, 2003, he filed a petition for writ of habeas corpus in the Court of Common Pleas for Beaufort County (Res. Mem., Ex. 8). Counsel was appointed and the Court issued an order transferring the matter to the original jurisdiction of the South Carolina Supreme Court. (Res. Mem., Ex. 11). Williams then moved to voluntarily dismiss his state habeas action. (Res. Mem., Ex. 12). The South Carolina Supreme Court dismissed the action without prejudice on October 21, 2005. (Res. Mem., Ex. 13).

Williams filed a second PCR action on September 30, 2005. (Res. Mem., Ex. 14). Following two amendments (Res. Mem., Ex. 15), Williams filed a motion for summary judgment. (Res. Mem., Ex. 16). On August 3, 2005, the PCR court issued an order denying Williams' motion for summary judgment and conditionally dismissing the action as untimely and successive under South Carolina law. Apparently no final order has been issued.

**Discussion**

Respondents assert that the petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year statute of limitations begins to run on the date the petitioner's conviction becomes final, not at the end of collateral review. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). In South Carolina, a defendant must file a notice of appeal within 10 days of his conviction. Rule 203(b)(2), SCACR. Thus if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt. Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001). If a

defendant files a direct appeal and his conviction is affirmed, the conviction becomes final 90 days after the final ruling of the South Carolina Supreme Court.  Harris, 209 F.3d at 328, n. 1 (conviction become final on the expiration of the 90-day period to seek review by the United States Supreme Court).

The statute of limitations is tolled during the period that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  The statute of limitations is tolled for the entire period of the state post-conviction process, "from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)."  Taylor v. Lee, 196 F.3d 557, 561 (4th Cir. 1999).  Following the denial of relief in the state courts in state habeas proceedings, neither the time for filing a petition for certiorari in the United States Supreme Court, nor the time a petition for certiorari is considered by the United States Supreme Court, is tolled."  Crawley v. Catoe, 258 F.3d at 399.  A state collateral proceeding must be "properly filed" for the statutory tolling provisions of 28 U.S.C. § 2244(d)(2) to apply.  "(A)n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee."  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (footnote omitted).  "When a post-conviction petition is untimely under state law, 'that [is] the end fo the matter' for purposes of § 2244(d)(2)."  Pace v. DiGulielmo, 544 U.S. 408, 414 (2005) quoting Carey v. Saffold, 536 U.S. 214, 236 (2002).

Generally, computing periods of time under 28 U.S.C. § 2244(d)(2) is pursuant to Fed. R. Civ. P. 6(a).  Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

The Fourth Circuit has held that the statute of limitations in § 2254 is not jurisdictional, but subject to the doctrine of equitable tolling.  Equitable tolling applies only in "those race instances where–due to circumstances external to the [petitioner's] own conduct–it would be unconscionable to enforce the limitation against the [petitioner]."  Harris, 209 F.3d at 330.  Under § 2244(d), the State bears the burden of asserting the statute of limitations.  Petitioner then bears the burden of establishing the doctrine does not apply.  Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002).  To benefit from the doctrine of equitable tolling, a petitioner must show: (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.  Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).  It is clear that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling.  United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).  Likewise, an attorney's mistake in calculating the filing date of the AEDPA's statute of limitations is not an extraordinary circumstance warranting equitable tolling.  Harris, 209 F.3d at 331.

Williams' petition is clearly untimely.  Since he did not file a direct appeal, his conviction became final on November 22, 1996, ten days after he entered his guilty plea.  Williams filed his first PCR one hundred and one (101) days later.  The statute was tolled until March 11, 2002, the date of the return of the Remittitur.  Thus, Williams was required to file his petition in this court within two hundred sixty-four (264) days from that time, i.e., by November 30, 2002.  He did not do so.  The petition was not filed until April 5, 2007, when Williams delivered it to the prison mail room for mailing.  See Petition, p. 15.  Actually, Williams took no further action until December 9,

2003, when he filed his state habeas action. The period between the end of his collateral review and the filing of the state habeas action is, in and of itself, approximately twenty-one (21) months. The filing of the state habeas action and/or the second PCR did not begin a new filing period, nor toll the period which began in March of 2002.

## Conclusion

Williams makes no argument that the statute of limitations should be equitably tolled. It is, therefore, recommended that respondent's motion for summary judgment be granted because the petition was not timely filed.

                                  Respectfully submitted,

                                  s/Joseph R. McCrorey
                                  United States Magistrate Judge

May 22, 2008
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).